**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2497
_____

RICARDO M. SUGGS, JR,

Appellant

v.

WARDEN LORETTO FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-20-cv-00052)
District Judge:  Honorable Stephanie L. Haines
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 11, 2022

Before:  McKEE, SHWARTZ and MATEY, Circuit Judges

(Opinion filed May 16, 2022)
_____

OPINION[*]
_____

PER CURIAM

  Pro se appellant Ricardo Suggs appeals the District Court's order relying on the

concurrent-sentence doctrine to deny his petition under 28 U.S.C. § 2241.  Suggs was

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

convicted in the United States District Court for the Northern District of West Virginia of three offenses: (1) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); (2) witness tampering—intent to kill; and (3) witness tampering—use of force. In determining Suggs's sentence, the Court calculated a Guidelines range of 324 to 405 months in prison.[1] The Court sentenced Suggs to 324 months in prison, imposing a term "of 120 months as to Count One; 240 months as to Count Two, consecutively to Count One; and 240 months as to Count Three, consecutively to Counts One and Two, to the extent necessary to achieve a total sentence of 324 months." ECF No. 13-6 at 3.[2] Suggs obtained no relief on direct appeal or via 28 U.S.C. § 2255.

In his § 2241 petition, Suggs argued that he is actually innocent of the § 922(g) offense (Count One) based on Rehaif v. United States, 139 S. Ct. 2191 (2019), in which the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a

---

[1] Suggs's § 922(g) conviction played no role in the Guidelines range. In calculating Suggs's offense level, the Court used the base offense level of 33 applicable for the witness-tampering charges and then added four points because a victim sustained a serious bodily injury and Suggs committed perjury at trial, for a total offense level of 37. Combining that offense level with Suggs's criminal history yielded the Guidelines range noted above.

[2] Those terms represent the statutory maximums for each offense. It appears that, in imposing the sentence, the District Court relied on U.S.S.G. § 5G1.2(d), which states that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment."

firearm." Id. at 2200. The District Court concluded that Suggs's claim might be legitimately asserted via § 2241. See In re Dorsainvil, 119 F.3d 245, 251–52 (3d Cir. 1997).[3] However, the Court declined to address the claim on the merits based on the concurrent-sentence doctrine, explaining that "[e]ven if [Suggs] prevailed on a claim challenging his conviction at Count One, his term of imprisonment would not be shortened." ECF No. 20 at 6. Suggs appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). "We review a trial judge's application of the concurrent sentence doctrine for abuse of discretion." Duka v. United States, 27 F.4th 189, 194 (3d Cir. 2022).

The District Court did not abuse its discretion here. As we have recently explained, the concurrent-sentence doctrine is appropriately applied whenever complete vacatur of the challenged sentence would not reduce "the time Appellant[] must serve in prison," notwithstanding "any semantic distinction" about whether the sentences are termed "concurrent." Id. at 194–95. As the District Court here explained (and in light of the specific way that the sentencing Court calculated Suggs's sentence), even if Suggs's § 922(g) conviction were vacated, he would still be subject to 240 month sentences for the other two counts that would run consecutively "to the extent necessary to achieve a

---

[3] Suggs is confined within the Western District of Pennsylvania. See Anariba v. Dir. Hudson Cty. Corr. Ctr., 17 F.4th 434, 444 (3d Cir. 2021) (explaining that a § 2241 petition must be filed in the district of confinement).

total sentence of 324 months." ECF No. 13-6 at 3. Because even success on his Rehaif claim would not reduce his time in prison, "it was not an abuse of discretion for the trial judge to preserve judicial resources by declining to consider the substance of [Suggs's] . . . challenge under the logic of the concurrent sentence doctrine." Duka, 27 F.4th at 195.[4]

Accordingly, we will affirm the District Court's judgment.

---

[4] Suggs also argued that his § 922(g) conviction subjected him to collateral consequences, but we rejected a similar argument in Duka. See 27 F. 4th at 195–96.